IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUDITH L. DUDLEY, et al. | * |
| | * |
| v. | *   Civil No. JKS 11-1734 |
| | * |
| TARGET CORPORATION | * |
| | * |
| | * |

## MEMORANDUM OPINION

Plaintiffs Judith L. Dudley and her husband, Martin Dudley, originally filed this action in the Circuit Court for St. Mary's County, Maryland, alleging negligence on the part of Defendant Target Corporation. Target removed the action to this Court. (ECF Nos. 1, 2). Pursuant to the consent of the parties, the case was referred to me for all further proceedings. (ECF Nos. 17, 24). Presently pending and ready for resolution is Target's motion for summary judgment. (ECF No. 25). No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Target's motion will be granted.

**I.     Background.**

The following facts are either undisputed or are construed in the light most favorable to the plaintiffs. On the evening of October 3, 2010, between 6:45 p.m. and 7:00 p.m., plaintiff Judith Dudley[1] went to the Target store at 45155 First Colony Way in California, Maryland. (ECF No. 2 ¶ 3; Dudley Dep. at 17). It had been raining off and on throughout the day, and she was using her windshield wipers when she entered the Target parking lot, but she did not have an umbrella with her when she entered the store. (Dudley Dep. at 16–17). She was wearing a pair of rubber, slip-on "Crocs" shoes. (Dudley Dep. at 15–16).

---

[1] Throughout this Memorandum Opinion, any reference to the last name "Dudley" refers only to plaintiff Judith Dudley.

As she entered the store, Dudley walked across approximately 30 feet of carpeting and had taken only one or two steps onto the linoleum floor when she slipped and fell, landing on her left knee. (Dudley Dep. at 22–23). Immediately prior to her fall, Dudley was looking straight ahead and did not observe any water on the floor or any warning signs or cones in the area. (Dudley Dep. at 24–25). After she fell, Dudley patted the ground around her with her hands, and felt that the floor was damp and wet. (Dudley Dep. at 26). Although she was not really looking, Dudley did not notice any other areas of water on the floor. (Dudley Dep. at 28).

## II.     Standard of Review.

Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Porkert v. Chevron Corp.*, 2012 U.S. App. LEXIS 710, at *8–9 (4th Cir. 2012). However, if there are factual issues that "may reasonably be resolved in favor of either party," then summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage of litigation, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

When ruling on a motion for summary judgment, the court must construe the facts in the light most favorable to the non-moving party. See *Scott v. Harris*, 550 U.S. 372 (2007); see also *Prokert*, 2012 U.S. App. LEXIS 710, at *8. The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991). However, once the moving party's initial burden is met, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. At this stage, "[c]onclusory or speculative

allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-moving party's] case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Instead, there must be a showing of "sufficient evidence favoring the nonmoving party for the jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50.

## III. <u>Discussion.</u>

Patrons of Maryland retail establishments are business invitees. *Houston v. Safeway Stores*, 346 Md. 503, 519 (1997). The Court of Appeals of Maryland[2] has adopted the rule in the Restatement (Second) of Torts § 343 (1965) for the general duty that a storekeeper owes to its invitees. *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003); *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 117 (1955). Section 343 provides that:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

Thus, a storekeeper must exercise ordinary care to keep the premises in a reasonably safe condition, and is liable for injuries sustained by a customer in consequence of the failure to do so. *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 231–32 (1965). "However, the proprietor of a store is not an insurer of the safety of his customers while they are on the

---

[2] Because this case arises as a diversity action, the substantive law of Maryland, as the law of the state where the injury occurred, applies. *See, e.g., Fluxo-Cane Overseas Ltd. v. E.D. & F. Man Sugar, Inc.*, 599 F. Supp. 2d 639, 642–43 (D. Md. 2009).

premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118. "To recover in an action for damages, the plaintiff must show that the defendant was guilty of negligence which produced the particular injury alleged." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118–19.

The burden is on the plaintiff "to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 119. Plaintiff does not contend, and there is no evidence in the record, that Target had actual notice of, or created, a dangerous condition.[3] Rather, she contends that Target failed to exercise reasonable care to discover a dangerous condition and protect its customers from that condition.

A customer injured by a dangerous condition must show that "the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised reasonable care." *Rawls*, 207 Md. at 120. This requirement, known as "time on the floor" evidence, is relevant as to both notice to the storekeeper, and the issue of what care the storekeeper exercised. *Bozzuto*, 173 Md. App. at 317 (quoting *Maans*, 161 Md. App. at 639-40). "How long a storekeeper may fail to find or correct a dangerous condition on a floor . . . without being liable to a customer for injuries resulting therefrom depends upon the facts and circumstances in each particular case." *Rawls*, 207 Md. at 122. The court must consider "the nature of the condition, its foreseeable consequences, the means and opportunities of discovering it, the diligence required to discover and correct it, and the foresight which a person of ordinary prudence would have exercised under similar circumstances." *Id.*

---

[3] Witness Flerlage, who testified that she observed the wet floor prior to Dudley's fall, did not report the condition to Target. (Flerlage Dep. At 8).

Dudley relies on the testimony of another customer, Karen Flerlage, who entered the store before Dudley fell and observed that the linoleum tile immediately after the carpeted entrance was "wet and slippery," such that Flerlage "almost fell" herself. (Flerlage Dep. at 7–8). Flerlage testified that she entered the store between 5:30 p.m. and 6:00 p.m., (ECF No. 28-2 at 9), and Dudley testified that she entered the store at about 6:45 p.m. (ECF No.25, Ex. B at 18 *see also* Ex. C). Target employee Rachel Heston, who was responsible for overseeing the front half of the store, testified that she walked through the front entrance area 15 to 30 minutes before Dudley fell and observed that the floor was dry. (Heston Dep. at 17; ECF No. 25-9). Mitzi Higgins, the Senior Team Leader on duty at the time, observed that "the floor was perfectly dry . . . except for a wet skid mark." (Higgins Dep. At 43–44).

In *Rawls*, a customer slipped on water in a stairway, and alleged that since she was the first customer on the stairway, the water must have been dropped by a store employee. The court declined to accept the proposed inference that an employee caused the condition, and then went on to note that because there was no evidence of how long the water had been there, no factfinder could infer that the store should have discovered it. The court also stated that because the plaintiff's clothing was wet and the plaintiff did not observe water on the stairway before she fell, it was just as likely that the water came from plaintiff's clothes.

Here, the facts that it was raining and that customer Flerlage saw water on the floor approximately 45 minutes before Dudley fell does not support an inference that the floor remained wet during that entire 45 minutes prior to Dudley's arrival. This is particularly so because 1) employee Heston observed that the floor was dry 15 to 30 minutes before Dudley fell, 2) Dudley did not observe water on the floor before she fell, and 3) Higgins observed after the fall that the floor was dry except for the spot where Dudley fell. In addition, since Dudley's

shoes were wet, it is, as in *Rawls*, entirely plausible that the water on which she slipped came from her own shoe, or that it was tracked in by another customer only moments before her fall. *See Bozzuto,* 173 Md. App. at 316 ("For all we know, the oil or grease [on which the Plaintiff slipped] may have leaked from a [nearby] car only a few moments before she slipped"). Thus, as in *Rawls*, there is insufficient evidence to support a finding that water was on the floor long enough that a reasonably prudent storekeeper should have discovered it.

Dudley relies on *Raff v. Acme Markets, Inc.*, 247 Md. 591 (1967), where the plaintiff slipped and fell on an icy, snow-covered ramp in front of a grocery store after consecutive days of below-freezing temperatures and weather conditions that left ice and three to five inches of snow on the ground. 247 Md. at 593–94. Dudley highlights the Maryland Court's statement that the grocery store had an obligation to exercise reasonable care to discover the hazardous condition of the ramp, particularly in light of the ice and snow conditions. 247 Md. at 598. However, this was based on the facts that "the condition of the ramp, at least as to the ice, existed when [the store's] agents reported for duty on Saturday morning and that it remained virtually unchanged" until Raff fell at 1:00 p.m., and also that a week of freezing temperatures required at least a cursory inspection. 247 Md. at 598. The Court's discussion of *Honolulu, Ltd. v. Cain,* 244 Md. 590 (1966), is similarly unavailing to plaintiff, as it, too, emphasized that the factors creating the dangerous condition had existed long enough that the defendant should have taken precautionary measures. 247 Md. at 598. Here, in contrast, there is no evidence of how long the water on which Dudley fell was on the floor.

In sum, no factfinder could find negligence merely because it was raining outside and the potential existed for customers to track water into the store. There is no evidence that Dudley fell in the water that Flerlage observed, and no evidence as to how long the water in which

Dudley fell was on the floor. Accordingly, there is no evidence from which a reasonable factfinder could find in Dudley's favor.

**Conclusion.**

For the foregoing reasons, Target's Motion for Summary Judgment will be granted.


Date: July 3, 2012\_\_\_\_                                             /S/\_\_\_\_ \_\_\_\_\_
                                                                JILLYN K. SCHULZE
                                                                United States Magistrate Judge